**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF CONNECTICUT**

| | | |
|---|---|---|
| In Re: Susan Skipp | : | Case No.: 13-50292 |
| Debtor | : | Adv. Proc. No.: 13-05036 |
| | : | |
| | : | Judge: Alan H.W. Shiff |
| Susan Skipp | : | |
| Plaintiff | : | |
| v | : | |
| | : | |
| Mary Piscatelli Brigham | : | |
| Defendant | : | |

PRESENT:   Hon. Alan H. W. Shiff, United States Bankruptcy Court Judge

### DECISION AND ORDER RE: DEFENDANT'S
### SECOND AMENDED MOTION FOR SUMMARY JUDGMENT

The Defendant, Mary Piscatelli Brigham, Esq., having moved for summary judgment on her First Special Defense pursuant to F.R. Bankr.P. 7056 and having filed her Second Amended Motion for Summary Judgment on January 20, 2015 [Docket No. 65] in accordance with this Court's order dated January 6, 2015 and issued in connection with the defendant's previous Amended Motion for Summary Judgment filed on November 21, 2014 [Docket No. 53], ordering that the defendant must comply with Local Rule of Civil Procedure 56(b) by providing Notice to Pro Se Litigant as provided for in said rule and the defendant having done so, the court grants the defendant, Mary Piscatelli Brigham's Second Amended Motion for Summary Judgment dated and filed on January 20, 2015 [Docket No. 65] as and for the reasons set forth below.

## I. PROCEDURAL HISTORY:

The Plaintiff, Susan Skipp, filed for bankruptcy on February 28, 2013 and listed as a creditor the defendant, Attorney Mary Piscatelli Brigham. Attorney Brigham served as the guardian ad litem for Skipp's two minor children in Skipp's dissolution action and a contested post judgment custody hearing before the Connecticut Superior Court ("the State Court action").

In the trial court's decision on the post judgment Motion to Modify Custody, the Connecticut Superior Court Judge, the Honorable Lynda Munro, ruled "The court finds that fees are due to the Guardian ad litem as follows: there is a balance due from Ms. Skipp of $38,230.30..."  Thereafter Skipp filed for bankruptcy seeking to discharge the guardian ad litem fees pursuant to adversary proceeding no. 13-05036.

In connection with the State Court action, on August 29, 2013 [Docket No. 21] this court issued the following order:

"The entire proceeding is stayed in this Court pending a final determination by the Connecticut state court of the Fee appeal."

Pursuant to this Court's order dated August 29, 2013 [Docket No. 21], the guardian ad litem filed a request for status conference to have the Superior Court address the issue raised by this court, i.e., whether the debt owed by Ms. Skipp to Attorney Brigham ($38,230.30) for guardian ad litem fees are dischargeable in bankruptcy.

The Superior Court, ruled that the fees due to Attorney Brigham from Ms. Skipp were not dischargeable in bankruptcy. Ms. Skipp then appealed to the Connecticut Appellate Court. The Connecticut Appellate Court dismissed Ms. Skipp's appeal. Ms. Skipp then filed a Petition for Certification with the State of Connecticut Supreme Court, seeking review of the Connecticut Appellate Court's decision. On September 19, 2014, the Connecticut Supreme Court dismissed Ms. Skipp's Petition for Certification (Summary Judgment, Connecticut Supreme Court's Order dismissing Petition for Certification).

The defendant seeks summary judgment on her first special defense of collateral estoppel and the doctrine of full faith and credit, arguing that the state court, which exercises concurrent jurisdiction with the bankruptcy court, has determined that Attorney Brigham's fees are non-dischargeable.

## LEGAL DISCUSSION

### A.     Standard for Summary Judgment

On summary judgment the movant bears the burden of establishing that there are no genuine issues of material fact in dispute and that it is entitled to judgment as a matter of law. See F.R.Bankr.P. 7056. The Second Circuit has held, "only when reasonable minds could not differ as to the import of the evidence is summary judgment proper." Bryant v. Maffucci, 923 F.2d 979, 982 (2nd Cir. 1991). Further, the court resolves "all ambiguities and draw[s] all inferences in favor of the nonmoving party," Aldrich v. Randolph Cent. Sch. Dist., 963 F.2d 520,

523 (2nd Cir. 1992). However, a nonmoving party may not rely "on mere speculation or conjecture as to the true nature of the facts to overcome a motion for summary judgment." Knight v. U.S. Fire Ins. Co., 804 F.2d 9, 12 (2d Cir. 1986), cert. denied, 480 U.S. 932, 107 S. Ct. 1570, 94 L. Ed. 2d 762 (1987); see also Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 252, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986) ("The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which [a trier of fact] could reasonably find for the plaintiff.").

### B. Collateral Estoppel

The fundamental policy underlying the doctrine of collateral estoppel is that a "right, question or fact distinctly put in issue and directly determined by a court of competent jurisdiction . . . cannot be disputed in a subsequent suit between the same parties or their privies[]" Montana v. United States, 440 U.S. 147, 153, 59 L. Ed. 2d 210, 99 S. Ct. 970 (1979). The requirements for issue preclusion under collateral estoppel principles have been summarized as follows: issue preclusion arises in a second action on the basis of a prior decision when the same "issue" is involved in both actions; the issue was "actually litigated" in the first action, after a full and fair opportunity for litigation; the issue was "actually decided" in the first action, by a disposition that is sufficiently "final," "on the merits," and it was necessary to decide the issue in disposing of the first action . . . 18 C. Wright, A. Miller & E. Cooper, Federal Practice and Procedure: Jurisdiction § 4416, at 137-138 (1981) (footnotes omitted).

"If, in the course of adjudicating a state-law question, a state court should determine factual issues using standards identical to those of [11 U.S.C. § 523], then collateral estoppel, in the absence of countervailing statutory policy, would bar re-litigation of those issues in the bankruptcy court." Brown v. Felsen, 442 U.S. 127,(1979)(internal citations omitted).

### C.    Full Faith and Credit

The Full Faith and Credit Clause provides in pertinent part that the records and judicial proceedings of any court of any such State shall be proved or admitted in other courts within the United States judicial acts and proceedings shall have the same full faith and credit in every court within the United States as they have in the courts of the State from which they are taken; according, the principle of full faith and credit commands that a federal court must accord a state court judgment the same preclusive effect it would be accorded by the rendering state. 28 U.S.C. § 1738.

The only issue before this court on the defendant's Second Amended Motion for Summary Judgment is whether the doctrine of collateral estoppel precludes this court from re-litigating the issue of whether Attorney Brigham's guardian ad litem fees are non-dischargeable in bankruptcy, as the Connecticut State courts have determined.   Under 11 U.S.C § 523(a)(5), a debt is non-dischargeable if it arises from a "domestic support obligation." Section 101(14A) of the Bankruptcy Code sets out four criteria necessary for a debt to be a domestic support obligation; it is: (A) "owed to or recoverable by . . . a child of the debtor," (B)

"in the nature of alimony, maintenance, or support . . . of such . . . child of the debtor," (C) "established . . . by reason of . . . an order of a court of record," and (D) "not assigned to a nongovernmental entity . . .." 11 U.S.C. §101(14A) (2008).

The parties argued their position before the Connecticut Superior Court and that Court, in accordance with and consideration of the applicable criteria, determined that Attorney Brigham's guardian ad litem fees were in the nature of support and, therefore, non-dischargeable in bankruptcy. Accordingly, the elements of collateral estoppel have been met, thereby precluding Skipp from seeking to relitigate the issue before this Court in her adversary proceeding.

### FINDINGS, DECISION AND ORDER GRANTING DEFENDANT'S SECOND AMENDED MOTION FOR SUMMARY JUDGMENT

This court finds and hereby decides that the issue that was decided by the Connecticut State courts (i.e., whether the debt owed by Ms. Skipp to Attorney Brigham is dischargeable in bankruptcy or not) is the same issue that is before this Court. Moreover, this court further finds that there was a full and fair opportunity to litigate the matter before the Connecticut State courts as a hearing was appropriately noticed and the parties were given a full and fair opportunity to litigate the matter.

In addition, this court also further finds that the issue was actually decided by the Connecticut Superior Court and that the decision is final based on this Court's additional findings that Ms. Skipp appealed the decision to the Connecticut Appellate Court, which Court

dismissed her appeal, and that she also filed a Petition for Certification in the Connecticut Supreme Court, which Court dismissed her Petition for Certification, and, accordingly, the decision is final.  Accordingly, this Court finds and rules that the debt owed by Ms. Skipp to Attorney Brigham is not discharged in bankruptcy.

Additionally, this Court further finds that the parties before this Court, including Ms. Skipp, had full and fair notice of the hearings and proceedings before this court as well as a full and fair opportunity to litigate and argue the matter before this Court.

WHEREFORE, for the foregoing reasons and based on the foregoing proceedings and findings, this Court grants the Second Amended Motion for Summary Judgment dated January 20, 2015 [Docket No. 65] and filed by the defendant, Mary Piscatelli Brigham.

It is so ordered.

BY THE COURT

Dated: <u>April 24</u>, 2015
At Bridgeport, Connecticut

Alan H. W. Shiff
United States Bankruptcy Judge