**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF CONNECTICUT**

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -
| | |
|---|---|
| IN RE: | CASE NO.  13-50292 (JAM) |
| SUSAN SKIPP, | CHAPTER  7 |
| DEBTOR. | |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

| | |
|---|---|
| SUSAN SKIPP | ADV. PRO. NO.  13-05036 |
| PLAINTIFF, | ECF No.  101 |
| vs. | |
| MARY BRIGHAM | |
| DEFENDANT. | |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

**APPEARANCES**

| | |
|---|---|
| Susan Skipp | Stephen E. Pliakas |
| *Pro Se* Plaintiff | Jeffrey J. Tinley |
| | Tinley, Renehan & Dost, LLP |
| | 60 North Main Street |
| | Waterbury, CT 06702 |
| | |
| | Attorneys for the Defendant |

**MEMORANDUM OF DECISION ON MOTION FOR SUMMARY JUDGMENT**

### I.     Introduction

On July 11, 2013, Susan Skipp (the "Plaintiff"), *pro se*, filed a "Motion for Adversarial Proceeding" (hereinafter, the "Complaint," ECF No. 1), alleging that Mary Brigham (the "Defendant") violated federal and constitutional law.  On March 31, 2017, the Defendant filed a Motion for Summary Judgment (the "Motion for Summary Judgment," ECF No. 101), asserting that the Court did not have jurisdiction over the claims raised in the Complaint and that the debt

owed to the Defendant for guardian ad litem ("GAL") fees is non-dischargeable under 11 U.S.C. §§ 523(a) as a matter of law.  On April 19, 2017, the Plaintiff filed a Motion to Strike Defendant's Motion for Summary Judgment (the "Motion to Strike," ECF No. 102).  On May 1, 2017, pursuant to a Pretrial Order dated February 24, 2017 (the "Pretrial Order," ECF No. 98), a pretrial conference was held and the Court issued an Order Suspending Existing Pretrial Order (ECF No. 98) Pending Ruling on Motion for Summary Judgment (the "Order Suspending Existing Pretrial Order," ECF No. 104).  The Plaintiff did not appear at the pretrial conference.

On May 3, 2017, a copy of the Order Suspending Existing Pretrial Order was served on the Plaintiff via certified mail, which was later returned to the Clerk's Office as undeliverable and was stamped "Box[1] Closed, Unable to Forward" (ECF No. 106).  On June 21, 2017, the Motion for Summary Judgment and related pleadings were inadvertently taken under advisement despite the fact that the Plaintiff had not been served with the Order Suspending Existing Pretrial Order.

On August 24, 2017, the Court issued an Amended Order Suspending Existing Pretrial Order (ECF No. 98) Pending Ruling on Motion for Summary Judgment (the "Amended Order Suspending Existing Pretrial Order," ECF No. 107).  The Amended Order Suspending Existing Pretrial Order: (i) noted the apparent lack of service of the Order Suspending the Existing Pretrial Order; (ii) deemed the Plaintiff's Motion to Strike[2] as her response and opposition to the Motion for Summary Judgment; (iii) provided new deadlines by which the Plaintiff must file a Local Rule 56(a)(2) Statement and the Defendant must reply to the Plaintiff's Local Rule

---

[1] The Plaintiff provided a P.O. Box as her mailing address for the Court in her petition.
[2] The Plaintiff filed the Motion to Strike as a response to the Defendant's Motion for Summary Judgment, although it does not directly address the legal issues raised in the latter and re-alleges many of the same claims from the Complaint.

56(a)(2) Statement; and (iv) required the Order to be served on the Plaintiff via first class mail at a new address more recently provided in her Chapter 7 case.[3]

According to the certificate of mailing of the Bankruptcy Noticing Center (the "BNC "), the Amended Order Suspending Existing Pretrial Order was mailed to the Plaintiff by first class mail to the P.O. Box listed on the Plaintiff's Chapter 7 petition. Although the address listed on the Debtor's Chapter 7 petition is the same address from which the Order Suspending Existing Pretrial Order had been returned to the Court as "undeliverable," no similar return notice was received in connection with the Amended Order Suspending Existing Pretrial Order. However, on September 29, 2017, the Amended Order Suspending Existing Pretrial Order that was sent to the Plaintiff's new address was reported as unclaimed, and returned to the Clerk's Office (ECF No. 109).

Although *pro* se, it is clear the Plaintiff has knowledge of the Motion for Summary Judgment as evidenced by the filing of the Motion to Strike. In the Amended Order Suspending Existing Pretrial Order, the Court deemed the Plaintiff's Motion to Strike as her response to the Motion for Summary Judgment and ordered the Plaintiff to comply with the Local Rules of Civil Procedure and file a Local Rule 56(a)(2) Statement. The Plaintiff has not filed any pleading to comply the Court's Amended Order Suspending Existing Pretrial Order. In addition, the Plaintiff has not provided an additional or new mailing address where notices, orders, or pleadings can be served, which Federal Rule of Bankruptcy Procedure 4002(a)(5) requires when a debtor's address changes after the filing of a bankruptcy petition. The Motion for Summary Judgment and the Motion to Strike have been pending for more than one year. The Plaintiff has

---

[3] See *In re Susan Skipp*, Case No. 13-50292 (JAM), ECF No. 36.

been given ample opportunity to fully respond to the Motion for Summary Judgment. For the reasons discussed below, the Defendant's Motion for Summary Judgment is **GRANTED**.

## II. Jurisdiction

The United States District Court for the District of Connecticut has jurisdiction over the instant proceedings pursuant to 28 U.S.C. § 1334(b). The Bankruptcy Court derives its authority to hear and determine this matter pursuant to 28 U.S.C. §§ 157(a) and (b)(1) and the District Court's General Order of Reference dated September 21, 1984. This is a "core proceeding" pursuant to 28 U.S.C. § 157(b)(2)(I).

## III. Undisputed Facts

A review of the Motion for Summary Judgment and its attached documents, the Defendant's Rule 56(a)(1) Statement, the Plaintiff's Motion to Strike, and an examination of the record in the Plaintiff's Chapter 7 case and this adversary proceeding establishes the following undisputed facts for the purposes of the Motions for Summary Judgment.[4]

    1.    The Defendant was appointed GAL for the Plaintiff's two minor children in September 2010 for the duration of a divorce and custody case in Connecticut Superior Court (the "divorce case," Conn. Sup. Ct. Docket No. UWY-FA10-4022992-S). Def.'s Local Rule 56(a)(1) Statement at ¶ 1.

    2.    The Defendant performed her duties pursuant to that appointment until she was discharged on October 16, 2012. Def.'s Local Rule 56(a)(1) Statement at ¶ 2.

---

[4] Because the Plaintiff failed to comply with the Amended Order Suspending Existing Pretrial Order and did not submit a Rule 56(a)(2) Statement, the material facts set forth in the Defendant's Local Rule 56(a)(1) Statement are deemed admitted.

4

3.      On October 16, 2012, the Connecticut Superior Court found that the Plaintiff owed the Defendant $38,230.30 for GAL services (the "GAL fees"), and that the Defendant's rate and fees were fair and reasonable.  Def.'s Local Rule 56(a)(1) Statement at ¶ 3.

4.      In addition to finding the GAL fees to be fair and reasonable, the Connecticut Superior Court also found that the Defendant performed her services "competently" and "well," and ordered the Plaintiff to pay the Defendant the GAL fees on a monthly basis at the rate of $500.00 for the first six months and thereafter at $1,000.00 per month.  Def.'s Local Rule 56(a)(1) Statement at ¶ 4.

5.      Both the Connecticut Appellate Court and the Connecticut Supreme Court denied the Plaintiff's appeal of the divorce case decision.  See *Tittle v. Skipp-Tittle*, 150 Conn. App. 64 (2014) (judgment affirmed in A.C. No. 35156), cert. denied, *Tittle v. Skipp-Tittle*, 315 Conn. 929 (2015).  Def.'s Local Rule 56(a)(1) Statement at ¶ 7.

6.      On October 8, 2013, the Connecticut Superior Court ruled that the Defendant's GAL fees were in the nature of support and of a kind that were nondischargeable in bankruptcy. The Plaintiff's appeal of that order to the Connecticut Appellate Court was also dismissed.  See *Tittle v. Skipp-Tittle*, 61 Conn. App. 542, 592-93 (2015) (judgment affirmed in A.C. No. 36231). The Plaintiff's subsequent petition for certification to the Connecticut Supreme Court was dismissed on September 17, 2014.  *Tittle v. Skipp-Tittle*, 314 Conn. 908 (2014).  Def.'s Local Rule 56(a)(1) Statement, ¶ 9.

**IV.    Legal Issues**

   **A.  Summary Judgment Standard**

"Federal Rule of Civil Procedure 56(a), made applicable to these proceedings by the Fed. R. Bankr. P. 7056, directs that '[t]he court shall grant summary judgment if the movant shows

that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.'" *Parris v. Delaney (In re Delaney)*, 504 B.R. 738, 746 (Bankr. D. Conn. 2014) (internal quotations and alteration in original) (quoting Fed. R. Civ. P. 56(a)). When considering a motion for summary judgment, "the judge's function . . . is not to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." *Id.* (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986)). Furthermore, the court "cannot try issues of fact; it can only determine whether there are issues to be tried." *Flaherty v. Lang*, 199 F.3d 607, 615 (2d Cir. 1999) (quoting *Chambers v. TRM Copy Ctrs. Corp.*, 43 F.3d 29, 36 (2d Cir. 1994)).

At the summary judgment stage, the moving party bears the burden of showing that there are no material facts in dispute and the court is to draw all reasonable inferences, and resolve all ambiguities, in favor of the non-moving party. *United Transp. Union v. Nat'l R.R. Passenger Corp.*, 588 F.3d 805, 809 (2d Cir. 2009). Once the moving party has met its burden, in order to defeat the motion, the "party opposing summary judgment . . . must set forth 'specific facts' demonstrating that there is 'a genuine issue for trial.'" *In re Affinity Health Care, Mgmt., Inc.*, 499 B.R. 246, 251 (Bankr. D. Conn. 2013) (quoting *Wright v. Goord*, 554 F.3d 255, 266 (2d Cir. 2009)). "[A] non-moving party must point to more than a mere 'scintilla' of evidence in order to defeat a motion for summary judgment." *Id.* (quoting *Havey v. Homebound Mortg., Inc.*, 547 F.3d 158, 163 (2d Cir. 2008)).

When a nonmoving party "chooses the perilous path of failing to submit a response to a summary judgment motion, the district court may not grant the motion without first examining the moving party's submission to determine if it has met its burden of demonstrating that no material issue of fact remains for trial." *Amaker v. Foley*, 274 F.3d 677, 681 (2d Cir. 2001)

(quoting *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 161 (1970). *See also Vermont Teddy Bear Co., Inc. v. 1–800 Beargram Co.*, 373 F.3d 241, 244 (2d Cir.2004); *RLI Ins. Co. v. Eoanou*, 567 F. Supp. 2d 303, 305 (D. Conn. 2008) ("[u]nder governing Second Circuit precedent," a court may not grant a motion for summary judgment without "first examining the moving party's submission to determine if it has met its burden of demonstrating that no material issue of fact remains for trial.").

According to Local Rule 56(a)(1), "a party moving for summary judgment shall file and serve with the motion and supporting memorandum a document entitled 'Local Rule 56(a)(1) Statement of Undisputed Material Facts,' which sets forth . . . a concise statement of each material fact as to which the moving party contends there is no genuine issue to be tried." D. Conn. Loc. R. 56. Upon the filing of a Rule 56(a)(1) Statement, the opposing party must "file a Rule 56(a)(2) Statement stating, inter alia, whether each of the facts asserted in the Rule 56(a)(1) Statement is admitted or denied . . . [and] in the absence of a Rule 56(a)(2) Statement, all material facts set forth in the Rule 56(a)(1) Statement and supported by the evidence will be deemed admitted." *In re Espanol*, 509 B.R. 422, 428 (Bankr. D. Conn. 2014).

### B. General Collateral Estoppel Standards

"It is well settled that preclusion principles apply in bankruptcy proceedings." *Evans v. Ottimo*, 469 F.3d 278, 281 (2d Cir. 2006); *In re Thompson*, 511 B.R. 20, 24 (Bankr. D. Conn. 2014). "When determining the preclusive effect of a state court judgment, a court must apply the preclusive law of the rendering state." *Thompson*, 511 B.R. at 26 (quoting *Faraday v. Blanchette*, 596 F. Supp. 2d 508, 514 (D. Conn. 2009)). As the Connecticut Supreme Court stated in *Cumberland Farms, Inc. v. Town of Groton*, 262 Conn. 45, 58 (2002), under Connecticut law "[i]ssue preclusion arises when an issue is actually litigated and determined by a

valid and final judgment, and that determination is essential to the judgment." The court in

*Cumberland Farms* went on to further explain that, in Connecticut,

> . . . collateral estoppel precludes a party from relitigating issues and facts actually and necessarily determined in an earlier proceeding between the same parties or those in privity with them upon a different claim . . . An issue is actually litigated if it is properly raised in the pleadings or otherwise, submitted for determination, and in fact determined . . . An issue is *necessarily determined* if, in the absence of a determination of the issue, the judgment could not have been validly rendered . . . If an issue has been determined, but the judgment is not dependent upon the determination of that issue, the parties may relitigate the issue in a subsequent action.

*Id.* at 58, n. 17 (emphasis in original) (citing *Dowling v. Finley Associates, Inc.*, 248 Conn. 364, 373-74 (1999). Additionally, in Connecticut "[f]or collateral estoppel to apply, the issue concerning which relitigation is sought to be estopped must be identical to the issue decided in the prior proceeding." *State v. Joyner*, 255 Conn. 477, 490 (2001) (internal quotation marks omitted).

### V.    Discussion

Although the Plaintiff is *pro se*, and her pleadings are therefore held to a less stringent standard than those drafted by lawyers, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), the Complaint is disorganized and confusing. The Plaintiff alleges a myriad of issues ranging from accusing the Defendant of never having been validly appointed as the GAL to accusing several members of the Connecticut state judiciary and mental health professionals of a conspiracy to harm her children. The Complaint also refers to at least forty exhibits which are not attached to the Complaint, filed in this adversary proceeding, or filed in the Plaintiff's Chapter 7 case.

Attempting to make sense of the Complaint and to address the various allegations it raises, the Defendant's Motion for Summary Judgment divides the allegations into five

categories.[5] The first category of allegations that will be addressed is the Plaintiff's claim that the GAL fees are not in the nature of support and are therefore dischargeable.[6]

### 1. *Dischargeability of the Guardian Ad Litem Fees*

The Defendant asserts that the GAL fees are nondischargeable as a matter of law pursuant to 11 U.S.C. § 523(a)(5). Section 523(a)(5) of the Bankruptcy Code provides an exception to discharge for "any debt . . . for a domestic support obligation." A "domestic support obligation" is a debt that is

> (A) owed to or recoverable by—(i) a spouse, former spouse, or child of the debtor, or such child's parent, legal guardian, or responsible relative; or (ii) a governmental unit; (B) in the nature of alimony, maintenance, or support (including assistance provided by a governmental unit) of such spouse, former spouse, or child of the debtor or such child's parent, without regard to whether such debt is expressly so designated . . ."

11 U.S.C. § 101(14A)(A).

Most courts, "including the Second Circuit Court of Appeals, have long held that a debtor's court-ordered obligation to pay attorney's fees incurred for representation of an ex-spouse or child of the debtor in a divorce and/or custody proceeding is nondischargeable under the pre-BAPCPA[7] language of § 523(a)(5)." *In re Rubenstein*, No. 09-22124 ASD, 2012 WL 837339, at *2 (Bankr. D. Conn. Mar. 9, 2012). *See*, *e.g.*, *In re Peters*, 133 B.R. 291, 297 (S.D. N.Y. 1991), *aff'd*, 964 F.2d 166 (2d Cir. 1992) (relying on *In re Spong*, 661 F.2d 6 (2d Cir. 1989)) (GAL fees owed to an attorney for representing the debtor's child in state court custody proceedings "were in the nature of support as directed by the state court order and thus are nondischargeable debts within the meaning of 11 U.S.C. § 523(a)(5)"); *In re Maddington*, 312

---

[5] Although Mary Brigham is the only named defendant in this case, the Plaintiff accuses several other individuals and organizations of wrongdoing that caused the Plaintiff harm including several Connecticut State Court judges. *See* Compl. at ¶¶ 2-5, 8-9, 21-24 ("category one"); ¶¶ 6-9, 15-17; Mot. to Strike at 3 ("category two"); ¶¶ 18-19, 21-26, 28-30, 34, 43-44 ("category three"); ¶¶ 50-70; Mot. to Strike at 2-3 ("category four").
[6] *See* Compl. at ¶¶ 10-15.
[7] Bankruptcy Abuse Prevention and Consumer Protection Act of 2005.

F.3d 589, 593 (2d Cir. 2002) ("the fact that the debt is payable to a third party" rather than directly to the debtor's child "does not prevent classification of that debt as being owed to [the debtor's] child. Our case law clearly establishes that debts in the nature of support need not be payable directly to one of the parties listed in § 523(a)(5) in order to be nondischargeable.").

*Rubenstein* makes clear that nothing in the BAPCPA changed the nondischargeability of GAL fees and concludes that "*Spong* and its progeny remain just as applicable after BAPCPA as they were before it." 2012 WL 837339, at *3. *See*, *e.g.*, *In re Rogowski*, 462 B.R. 435 (Bankr. E.D.N.Y. 2011); *In re Tarone*, 434 B.R. 41 (Bankr. E.D.N.Y. 2010); *In re Schenkein*, 2010 WL 3219464 (Bankr. S.D.N.Y. 2010) *In re Golio*, 393 B.R. 56 (Bankr. E.D.N.Y. 2008). The Defendant is clearly entitled to summary judgment on this issue. Therefore, the GAL fees are nondischargeable as a matter of law.

2. *Remaining Allegations in the Complaint*

The Defendant argues that the Bankruptcy Court does not have jurisdiction to decide the remaining allegations in the Complaint, including those against unnamed parties,[8] because they are neither core nor non-core, and have already been dismissed, denied, or rejected out of hand in other forums. Aside from the jurisdictional arguments raised in the Motion for Summary Judgment, under the principles of collateral estoppel, the remaining claims have been actually and necessarily determined in earlier proceedings.[9]

---

[8] The allegations against parties not named in the Complaint are irrelevant. *See Skipp v. Brigham*, No. LLI-CV-165008095-S, 2016 WL 7138684 at *12 (Conn. Super. Ct. Nov. 2, 2016) (confronted with a nearly identical issue, Judge Moore described Ms. Skipp's complaint as "replete with other and unrelated irrelevant, immaterial and impertinent allegations. Additionally, the complaint raises claims on behalf of persons who are not before the court, makes allegations against persons who are not sued, contains legal argument, evidence, and bald conclusions . . .").

[9] Although the Defendant does not argue for summary judgment on the ground of collateral estoppel, her arguments on jurisdiction make the same point: that the allegations in the Complaint have been heard, litigated, and decided in the Connecticut Superior Court.

### A. *The Superior Court Cases*

Three final decisions of the Connecticut Superior Court are attached to the Motion for Summary Judgment. Two of the decisions were issued in the divorce and custody proceedings between the Plaintiff and her ex-husband, and the third was issued in a Connecticut Superior Court case brought against the Defendant by the Plaintiff.

> i. The Divorce Case: *Tittle v. Skipp-Tittle*, No. UWY-FA10-4022992-S (Munro, J.) (Conn. Super. Ct. Oct. 16, 2012) [10]

In a Memorandum of Decision on three custody matters and one relating to schooling of the children, Judge Munro discussed a hearing previously held in the case where the court, under Judge Resha, found the Plaintiff was in willful violation of orders to pay the GAL. *Tittle v. Skpp-Tittle*, No. UWY-FA10-4022992-S at *8-9 (Munro, J.) (Conn. Super. Ct. Oct. 16, 2012). In assessing past hearings held in the case with the evidence before the court, Judge Munro (i) affirmed that the GAL had been appointed in September 2010, *id.* at *15; found that the Defendant (ii) was a credible witness who presented reliable testimony, *id.* at *16; (iii) was "focused throughout these proceedings on her primary duties: to investigate and promote what is best for her wards, the two children of the parties," *id.* at *17; (iv) is owed substantial amounts of money by both the Plaintiff and Mr. Tittle; *id.* at *20; and (v) charged a fair and reasonable rate and fee. *Id.*

> ii. The Divorce Case: *Tittle v. Skipp-Tittle*, No. UWY-FA10-4022992-S (Cutsumpas, J.) (Conn. Super. Ct. Oct. 8, 2013) [11]

In a Memorandum of Decision Re Motion #457 (Motion for Contempt), filed by Attorney Brigham in the divorce case, the Connecticut Superior Court found that the GAL was permitted

---

[10] Def.'s Motion for Summary Judgment, Ex. A (ECF No. 101-4).
[11] Def.'s Motion for Summary Judgment, Ex. B (ECF No. 101-5).

to file the motion for contempt and that the fees awarded are "in the nature of child support and not dischargeable in bankruptcy." *Id.* at \*7-8.

> iii. *Skipp v. Brigham*, No. LLI-CV-165008095-S, 2016 WL 7138684 (Moore, J.) (Conn. Super. Ct. Nov. 2, 2016)[12]

Finally, in an unpublished opinion on the Defendant's Motion to Dismiss in the Connecticut Superior Court case captioned *Skipp v. Brigham*, Judge Moore noted that the Plaintiff's complaint,

> [e]ven read with the liberal construction accorded to a self-represented party . . . [is] . . . disordered, inchoate, unfocused and confusing . . . while the complaint names only Attorney Brigham and her law firm as defendants, it contains allegations of seriously improper conduct directed against many other parties. Additionally, the complaint appears to allege harm suffered by people other than the plaintiffs. Moreover, the complaint incorporates (1) legal arguments and legal citations that presage and attempt to respond to the arguments of the instant motion, (2) hearsay evidence . . . well outside the scope of a claim against an attorney, (3) conclusions, purportedly legal and otherwise, (4) bald assertions unsupported by factual allegations, (5) allegations of criminal conduct, and (6) demands that appear to be discovery requests . . .

*Skipp v. Brigham*, No. LLI-CV-165008095-S, 2016 WL 7138684, at \*2 (Moore, J.) (Conn. Super. Ct. Nov. 2, 2016). The complaint did not clearly define the issues in the dispute, so the court read the complaint liberally and divided the myriad of allegations into four categories of claimed harm against Attorney Brigham. *Id.* at \*3. Judge Moore held that the court lacked subject matter jurisdiction to hear the many claims against the Defendant that are insulated from suit as a result of the doctrine of absolute quasi-judicial immunity. *Id.* at 5; see also, *id.* at \*4 (finding that Attorney Brigham could raise the issue of absolute quasi-judicial immunity in a motion to dismiss). Judge Moore also held

> the undisputed facts prove that (1) Attorney Brigham served as guardian ad litem of Ms. Skipp's two minor children from September 9, 2010 through October 16, 2012, the date on which Attorney Brigham was discharged by the court, (2)

---

[12] *See* Def.'s Motion for Summary Judgment, Ex. D (ECF No. 101-7).

> Attorney Brigham acted at all times during that period within the scope of her authority as guardian ad litem . . .

*Id.* at *6.  The Connecticut Superior Court dismissed these claims as well.  *Id.*  Judge Moore found that the payment for the services rendered by Attorney Brigham as the GAL was "inextricably intertwined with the performance of those services," and providing GALs with absolute immunity "insure[s] the guardian's objectivity by buffering the guardian ad litem from the threat of litigation from a disgruntled parent, unhappy with the guardian's recommendations or testimony and to diminish the possibility of harassment and intimidation."  *Id.* at *10.

In all three of these final decisions, the Connecticut Superior Court addressed issues raised in this case by the Plaintiff.  These decisions reveal the Plaintiff's attempt to reargue issues expressing her discontent with the GAL and the GAL fees.  Except on the issue of dischargeability, the allegations in the Complaint demonstrate the Plaintiff's desire to relitigate issues previously tried in the Connecticut Superior Court in the hope of achieving a different result.  Because all of the remaining claims raised in the Complaint have been tried and decided, the Connecticut Superior Court judgments have preclusive effect and the Defendant is entitled to a judgment on those claims as a matter of law.

### VI.    Conclusion

Based upon the factual record presented by the Defendant, consideration of the record in this adversary proceeding and the Plaintiff's Chapter 7 case, and because the undisputed facts demonstrate: that (i) the Defendant was appointed to serve as the GAL for the Plaintiff's minor children from September 2010 until October 16, 2012, performing her duties "competently and well," and charging reasonable fees, and (ii) the Plaintiff alleged a wide range of harms committed by the Defendant, that were thoroughly addressed by and actually and necessarily determined in the Connecticut Superior Court cases between the two parties; it is hereby

13

**ORDERED**: Pursuant to Federal Rule of Civil Procedure 56 and Federal Rule of Bankruptcy Procedure 7056, the Defendant's Motion for Summary Judgment on all the allegations in the Complaint is **GRANTED** and a separate judgment will enter; and it is further

**ORDERED**: On or before 4:00 p.m. on August 2, 2018, the Clerk's Office shall serve this order on the Plaintiff at both of the following addresses provided by the Debtor in her Chapter 7 case: (i) P.O. Box 1383, Litchfield, CT 06759; and (ii) 40 Village Green, Unit 219 Bedford, New York, 10506.

Dated at Bridgeport, Connecticut this 2nd day of August, 2018.

*Julie A. Manning*
Chief United States Bankruptcy Judge
District of Connecticut